[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
Plaintiff's action is against his employer, the defendant, for injuries sustained on the job. Defendant has moved to dismiss the action based upon the exclusivity of the Worker's Compensation Act. Defendant has conceded that there is an exception to the exclusivity provision of the Worker's Compensation Act when the employer has committed an intentional tort or has engaged in wilful or serious misconduct. Defendant also states that this exception has been expanded to include within the definition of intentional torts conduct which is either intended to injure the plaintiff (actual intent standard) or that the employer intentionally created a dangerous condition that made the plaintiff's injuries substantially certain to occur (substantial certainty standard. Suarez v. Dickmont Plastics Corp.,220 Conn. 99 (1994). Defendant's memorandum dated August 26, 1997.
In sum, the plaintiff, in order to take advantage of the exception from the exclusivity of the Worker's Compensation Act must show that the defendant must have either intended the act and the injuries to the plaintiff or must have intended the act and known the injury was substantially certain to occur from the act. CT Page 12715
This court concludes that paragraph 11 of the complaint, with the allegations preceding paragraph 11, is sufficient to allege that the plaintiff has complied with the actual intent standard. Paragraph 13 complies with the substantial certainty standard. Further, although this has not been raised, paragraph 12 is sufficient to claim that the employees were the alter ego of the defendant.
If the defendant believes that there are insufficient facts to support these allegations set forth in the complaint, the defendant can move to strike. However, as is now pleaded, the complaint contains sufficient allegations to make the claims, if proven, an exception to the exclusivity of the Worker's Compensation Act. Further, whether the acts were intentional and whether the defendant knew the injury was substantially certain to occur from the act are all matters of fact or issues of fact to be proven at trial.
Under the allegations set forth in the complaint, this court does have subject matter jurisdiction.
Accordingly, the motion to dismiss is denied.
Rittenband, J.